IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| RICK WILLINGHAM, | * | |
| Petitioner, | * | CASE NO. 3:04-CV-115 CAR |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 3:01-CR-2 CAR |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Willingham was indicted in this court on January 31, 2001, charged with Conspiracy to Possess With Intent to Distribute more than 50 grams of Cocaine Base and marijuana in violation of 21 U.S.C. § 846 in conjunction with 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(ii), and 18 U.S.C. § 2. (R-1). By Superseding Indictment Petitioner Willingham was additionally charged with two substantive counts of Distribution of Cocaine Base. (R-225). After jury trial, he was found guilty as charged on September 18, 2002. (R-298). On January 23, 2003, Petitioner was sentenced to a term or 360 months imprisonment. (R-314). He appealed his convictions and sentence with new counsel. The Eleventh Circuit Court of Appeals, however, affirmed his convictions and sentence on December 30, 2003. (R-384). Petitioner Willingham timely filed, on December 13, 2004, the Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 presently under review. (R-397).

**Petitioner's Claims**

In **Ground One** of his Motion, Petitioner Willingham asserts ineffective assistance of counsel during his trial. Elaborating on this claim in his Memorandum of Supporting Facts, he adds that Attorney Brian T. Randall, (A) "failed to object to the Court's definition of reasonable doubt; and (B) failed to object to the failure of the Indictment to charge the elements for a violation of Title 18 U.S.C. § 2(a) or (b) for Counts 2 and 6."

As **Ground Two,** Petitioner asserts that, "In light of *Blakely v. Washington,* 124 S.Ct. 2531( 2004), the enhancements applied to Petitioner's sentence are not applicable when the preponderance of the evidence standard is used to make findings of facts related to them."

**Discussion of Ground One**

The standards by which ineffective assistance of counsel must be determined in the Eleventh Circuit Court of Appeals are as follows:

> In order to prevail on an ineffective assistance of counsel claim, the defendant must demonstrate both that (1) his counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. A court deciding an ineffective assistance claim need not approach the *Strickland* inquiry in the same order or address both components of the *Strickland* inquiry if the prisoner makes an insufficient showing on one. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069; *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir. 2000) (noting that "[b]ecause both parts of the test must be satisfied in order to show a violation of the Sixth Amendment**,** the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice-versa").

The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386:

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices ... that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

**A.** In considering whether Petitioner's Attorney rendered ineffective assistance of counsel when he "failed to object to the Court's definition of reasonable doubt," as Petitioner asserts, an examination of the charge in the trial transcript is necessary. The Trail Judge charged the jury as follows:

> The law does not require the defendants to prove their innocence or to produce any evidence at all, and no unfavorable inference shall be drawn against a defendant if he does not present evidence. . . .
> The Government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so with respect to any defendant, you must find that defendant not guilty. However, the Government is not required to prove the guilt of the defendants beyond all possible doubt. Very few propositions if any, can be proved beyond any and all possible

3

> doubt, and the law does not require such an impossible standard. However, no person shall be convicted upon mere speculation or conjecture. Now, what is reasonable doubt? A reasonable doubt is just what it says. It is a doubt of a fair-minded impartial juror honestly seeking the truth. It is a doubt based upon reason. It does not mean a vague nor arbitrary notion, but it is a doubt for which a reason can be given arising from careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

Trial Transcript, (R-15-298-10). At page 3 of his Memorandum, Petitioner Willingham specifies, "[T]he reasonable doubt instruction given by the Court was clearly wrong where the Court stated that reasonable doubt 'does not mean a vague nor arbitrary notion, but it is a doubt for which a reason can be given arising from a careful and impartial consideration of all the evidence in the case.'" Petitioner argues that "the above phrase requires the defendant to present and/or create doubt," and that his counsel's failure to object to the instruction shifted the burden to Petitioner. The Government contends that the jury instruction regarding "reasonable doubt" in the context of instruction as to the Government's burden of proving the defendant's guilty beyond a reasonable doubt was correct. If the instruction as a whole was correct, then there can be no ineffective assistance of counsel for failure to object.

As Petitioner Willingham observes in his Memorandum, "Reasonable doubt is at best a difficult concept to explain to a lay jury." Indeed, there is a split among the Federal Circuit Courts as to whether or not even to give a definition of "reasonable doubt." O'Malley and

Grenig's FEDERAL JURY PRACTICE AND INSTRUCTIONS, Fifth Edition, Section 12.10, chronicles the split.

The Fourth and Seventh Circuits join in a general condemnation of attempts by the trial court to define "reasonable doubt" in their jury instructions, saying, "[L]ittle can be gained from attempts to define reasonable doubt, while added confusion is often created by those well-intentioned judicial efforts." *United States v. Moss,* 756 F.2d 329, 333 (4th Cir. 1985); *United States v. Lawson,* 507 F.2d 433, 443 (7th Cir. 1974) (The phrase "reasonable doubt" is self-explanatory and is its own best definition.  Further elaboration tends to misleading refinements which weaken and make imprecise the existing phrase."  *See also United States v. Blackburn,* 992 F.2d 666, 668 (7th Cir.), cert. denied, 510 U.S. 949, 114 S.Ct. 393 (1993) (A judge should not define the term for the jury even if asked to do so during deliberations).  The Second Circuit leans with the Fourth and Seventh. *See United States v. Delibac,* 925 F.2d 610, 614 (2d Cir. 1991).

On the other hand, the First and Eighth Circuits maintain that it is the courts duty to instruct on the meaning of reasonable doubt.  The First Circuit held, "A criminal defendant is entitled to an instruction that adequately apprises the jury of the reasonable doubt standard." *United States v. Johnson,* 784 F.2d 416, 426 (1986); *Friedman v. United States,* 381 F.2d 155 (8th Cir. 1967) (same).

The Ninth Circuit stands in the middle, holding that "The jury must be provided with meaningful principles or standards to guide it in evaluating the sufficiency of the

5

Government's evidence", *United States v. Wosepka,* 787 F.2d 1294 (9th Cir. 1985), but, also, holds that "an appropriate instruction defining reasonable doubt is permissible but not necessarily required."*United States v. Nolasco,* 926 F.2d 869, cert. denied, 502 U.S. 833, 112 S.Ct. 111 (1991),

The Eleventh Circuit Court of Appeals, along with the majority of the other Circuits, holds that:

> Reasonable doubt instructions are reviewed as a whole to determine whether they correctly state the substance of the law and facts. . . . It is well settled that a trial judge has broad discretion in formulating jury instructions. . . . *United States v. Daniels,* 986 F.2d 451, 456 (11th Cir. 1993). [W]e note that district courts are not required to use the Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit. We have on countless occasions approved jury instructions which did not exactly track pattern language.

*United States v. Veltman,* 6 F.3d 1483, 1492 (11th Cir. 1993). The Supreme Court in *Victor v. Nebraska,* 511 U.S. 1, 114 S.Ct. 1239 (1994), affirms the 11th Circuit's position, holding:

> The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. (citations omitted) Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, (see *Jackson v. Virginia,* 443 U.S. 307, 320, n. 14, 99 S.Ct. 2781, 2789, n. 14 (1979)), the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. (citations omitted) Rather, "taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury." *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 137 (1954).

> In only one case have we held that a definition of reasonable doubt violated the Due Process Clause. *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328 (1990). There, the jurors were told:
>
>> "[A reasonable doubt] is . . . *such doubt as would give rise to a grave uncertainty, . . . an actual substantial doubt . . . a moral certainty."*
>
> We held that the highlighted words "substantial' and 'grave' as they are commonly understood, suggest a higher degree of doubt than is required for an acquittal under the reasonable doubt standard. When those statements are then considered with the reference to 'moral certainty,' rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause.

*Id.,* at 41, 111 S.Ct. at 329. Petitioner Willingham's reliance on *Cool v. United States,* 409 U.S. 100, 1004, 93 S.Ct. 354 (1972) is misplaced, inasmuch as that case deals with an erroneous jury instruction on the credibility of a defense witness. The *Cool* Court observed:

> [T]he Government's position clearly depended upon its ability to discredit Voyles, since his testimony was completely exculpatory. Over strenuous defense objection, the trial judge gave the jury a lengthy "accomplice instruction" to be used in evaluating Voyles testimony. After first defining the word "accomplice" and warning that an accomplice's testimony is "open to suspicion," the judge made the following statement: "However, I charge you that the testimony of an accomplice is competent evidence and it is for you to pass upon the credibility thereof. If the testimony carries conviction and you are convinced it is true *beyond a reasonable doubt,* the jury should give it the same effect as you would to a witness not in any respect implicated in the alleged crime and you are not only justified, but it is your duty, not to throw this testimony out because it comes from a tainted source." (Emphasis added.)

*Id.* at 101,02. The Supreme Court continued in the *Cool* case holding:

7

> [A] criminal defendant has a Sixth Amendment right to present
> to the jury exculpatory testimony of an accomplice. . . .
> By creating an artificial barrier to the consideration of relevant
> defense testimony putatively credible by *a preponderance of the
> evidence,* the trial judge reduced the level of proof necessary for
> the Government to carry its burden. Indeed, where, as here, the
> defendant's case rests almost entirely on accomplice testimony,
> the effect of the judge's instructions is to require the defendant
> to establish his innocence beyond a reasonable doubt.

*Id.*, at 357. The *Cool* case is distinguished from Petitioner's case, because the issue in *Cool* was not the definition of *reasonable doubt,* but the incorrect application of the standard of proof *beyond a reasonable doubt* to the credibility of witnesses. The trial court's definition of the term *reasonable doubt,* given in conjunction with the burden of proof required of the Government, in Petitioner Willingham's case, went to evidentiary certainty, and did not begin to rise to the level of a Constitutional violation , nor did it shift to Petitioner Willingham any burden to prove his innocence or create doubt in the minds of the jury as to his guilt. The trial court's charge admonished the jury that the burden of proof was at all times upon the Government as to each and all of the defendants. This charge was a correct statement of the law and as such cannot support a claim of ineffective assistance of counsel.

**B.** In his Motion In Opposition To The Government's Response (R-416), Petitioner Willingham states that he "is abandoning his ineffective assistance of counsel claim related to counsel's failure to object to the Indictment failure to charge elements for a violation of Title 18 U.S.C. § 2(a) and (b). Petitioner agrees with the Government's Response on this issue." Let it be done.

8

**Discussion of Ground Two**

Petitioner asserts that, "In light of *Blakely v. Washington,* 124 S.Ct. 2531( 2004), the enhancements applied to Petitioner's sentence are not applicable when the preponderance of the evidence standard is used to make findings of facts related to them."  In his Motion and Memorandum Of Supporting Facts, Petitioner relies on the rulings in *Blakely* together with *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), to support his Ground Two contention.  In his Motion in Opposition To The Government's Response (R-416), he argues the additional application of the ruling in *United States v. Booker - Fanfan,* 125 S.Ct. 738 (2005).  However, the *Apprendi/Blakely/Booker* principles have been determined not to be retroactively applicable to cases upon collateral review such as Petitioner's § 2255 Motion To Vacate, Set Aside, or Correct his Sentence.

The United States Supreme Court held, at page 769 of the *Booker-Fanfan* decisions:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review.  See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, *with no exception for cases in which the new rule constitutes a clear break with the past*).(emphasis added) See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[1]

---

[1] *Reynoldsville* at 752*:* (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final"))**.**

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* rulings in its decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* ___U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at 2548-49. . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* (a defendant) cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

In *Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held, "[A]s the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."

WHEREFORE, IT IS RECOMMENDED that Petitioner Willingham's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED as failing to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 29th of April 2005.

                                                              S/ G. MALLON FAIRCLOTH
                                                              UNITED STATES MAGISTRATE JUDGE