# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| RICK WILLINGHAM, | |
| Petitioner, | |
| vs. | CASE NO. 3:01-CR-2 HL<br>Rule 60(b)(4) Motion<br>CASE NO. 3:07-CV-58 HL |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner Willingham was charged along with others in an eight (8) count Superseding Indictment (D-225), and after jury trial was convicted, on September 18, 2002, of Conspiracy to Possess With Intent To Distribute Cocaine Base and Marijuana (Count I), Possession With Intent To Distribute Cocaine Base (Count II), and Possession With Intent To Distribute Cocaine (Count VI). (D-254). On January 30, 2003, he was sentenced to a total term or 360 months imprisonment, all sentences running concurrently. (D-318). His convictions and sentence were affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit on March 31, 2004. (D-384).

On December 13, 2004, Petitioner timely filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (D-397), which was denied by the District Court on March 16, 2006 (D-471). The Eleventh Circuit Court of Appeals affirmed the District Court and denied Petitioner's Application for Writ of Certiorari on April 25, 2006. (D-475).

On June 7, 2007, Petitioner filed a Motion To Reopen his Case from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). (D-503). The Clerk designated the Motion as a § 2255 Motion To Vacate, Set Aside, or Correct his Sentence, but it has been treated according to Petitioner designation as a Rule 60(b)(4) Motion.

Federal Rule of Civil Procedure 60(b)(4) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, or proceeding for the reason (that) the judgment is void.

Petitioner Willingham submits as his Claim One:

> The District Court and the Attorney for the Government violated the "Speedy Trial Act" and Indictment Procedural Jurisdiction Process, when they both failed to bring Defendant to trial timely as mandated by 18 U.S.C. § 3161(b) & (c)(1), F.R.Cm.P.

First, the United States Court of Appeals for the Eleventh Circuit has long held that to invoke his right to a speedy trial under the statute, a defendant must file a demand for speedy trial prior to commencement of trial. *United States v. Register,* 182 F.3d 820 (11th Cir. 1999). Failure to do so results in waiver of the defendant's right to a speedy trial under the statute. *United States v. Roggio,* 863 F.2d 41 (11th Cir. 1989). Title 18,U.S.C. §3162(a)(2) provides:

> If a defendant is not brought to trial within the time limit required by section 3162(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). . . . Failure of the defendant to move for dismissal prior to trial or

2

> entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

Petitioner Willingham filed no demand for speedy trial under the act. He, therefore statutorily waived and forfeited his right pursuant to 18 U.S.C. §3162(a)(2), as noted above. Moreover, the record does not reflect that he was not timely tried in face of several statutorily excludable periods of delay at the behest of one or all of the defendants. (*See* D-74, 104, 133, 165, 194, 207, and 211. The record indicates that with the deduction of the periods of excludable delay, only 20 official "speedy trial" days had elapsed before Petitioner's trial.

Petitioner Willingham waived his right to Speedy Trial, but the time period was not violated anyway.

Petitioner's second **Claim Two** asserts:

> It was procedural error for the trial court to try defendant on Count One of the Second Superseding Indictment, because he was not tried within the five-year jurisdictional statute of limitations, pursuant to 18 U.S.C. § 3282, and Count One of the Indictment must be dismissed for procedural and structural jurisdictional error defects in the Indictment process.

Title 18, U.S.C. § 3282(a) provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been commmitted.

Petitioner argues that the Government could not try him on Count One of the Second Superseding Indict, because the indictments did not all charge the same things. Petitioner

3

disregards that Count I of each of the Indictments charged Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. § 846 and § 2. (*See* D-1, D-134, D-225, returned 1/31, 2001, 6/28/2001, and 8/28/2002 respectively.

While federal drug conspiracies are subject to the § 3282 five-year statute of limitations, in a continuing conspiracy, the statute of limitations begins only when a conspirator has affirmatively withdrawn from the conspiracy and effectively communicated his withdrawal to his fellow conspirators in some affirmative way. Because withdrawal from the conspiracy for more than five years constitutes a valid defense to the conspiracy charge, the United States Court of Appeals for the Eleventh Circuit has set out the elements of a valid withdrawal in *United States v. Arias,* 431 F.3d 1327, 1341- 42 (11th Cir. 2005), stating:

> [The defendant] must demonstrate that the evidence provided a foundation to satisfy this circuit's two prong test for withdrawal: "first, the defendant must prove that he has taken affirmative steps to defeat the objectives of the conspiracy; and second, he must show either that he made a reasonable effort to communicate these acts to his co-conspirators or disclosed the scheme to law enforcement authorities." *United States v. Young,* 39 F.3d 1561, 1571 (11th Cir. 1994). Mere cessation of participation is not sufficient to establish withdrawal; the accused must also establish that he communicated his withdrawal either to his co-conspirators or to law enforcement. *See United States v. Finestone,* 816 F.2d 583, 589 (11th Cir. 1987). The accused participant is not required to notify "each other member" that he will no longer participate, but the acts of withdrawal must be "communicated in a manner reasonably calculated to reach co-conspirators." *See United States v. U.S. Gypsum. Co.*, 438 U.S. 422, 464-65, 98 S.Ct. 2864 (1978).

The testimony during the trial upon which the jury based its verdict was that Petitioner Willingham had been a participant in the conspiracy from 1990 into 2000. (Tr. Vol.I, p.8,

4

56). All of the Indictments, Superseding Indictments, and the trial took place within five years of the active conspiracy to distribute crack cocaine. There was no evidence, meeting the Eleventh Circuit Court of Appeals' the two prong test, that Willingham ever took steps to effectively convey any withdrawal from the conspiracy. To the contrary, the evidence at trial indicated that at all times during the conspiracy, Willingham was the organizer and leader. (Tr. Vol.I, p.8). Willingham's claims of bar to prosecution by the five-year statute of limitations are without factual foundation or legal merit.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion For Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4) be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 13th day of March 2008.

                                                S/ G. MALLON FAIRCLOTH
                                               UNITED STATES MAGISTRATE JUDGE