# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| RICK WILLINGHAM, | : |
| Petitioner, | : |
| v. | : Criminal Action No. |
| | : 3:01-CR-2(HL) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

# ORDER

Before the Court is a Report and Recommendation (Doc. 508) from United States Magistrate Judge G. Mallon Faircloth that recommends denying Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4) (Doc. 498). For the following reasons, the Recommendation is adopted to the extent it recommends denying Petitioner's Motion.

## I.   FACTS

On September 18, 2002, Petitioner was convicted of Conspiracy to Possess with Intent to Distribute Cocaine Base and Marijuana, Possession with Intent to Distribute Cocaine Base, and Possession with Intent to Distribute Cocaine. On January 23, 2003, Petitioner was sentenced to a total term of imprisonment of 360 months. Subsequently, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence on direct appeal.

1

On December 13, 2004, Petitioner filed a timely Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 397). In his § 2255 Motion, Petitioner argued: (1) his counsel was ineffective for failing to object to the district court's reasonable doubt jury instruction, and (2) he was sentenced in violation of his Sixth Amendment rights. This Court rejected Petitioner's claims and denied his § 2255 Motion on June 9, 2005 (Doc. 423). On December 23, 2005, the Eleventh Circuit denied (Doc. 464) Petitioner's Certificate of Appealability ("COA") and Motion for Leave to Proceed In Forma Pauperis ("IFP") on Appeal.

On June 7, 2007, approximately eighteen (18) months after the Eleventh Circuit denied his COA and Motion to Proceed IFP on Appeal, Petitioner filed a "Rule 60(b)(4) Motion to Reopen his Case from 'Final Judgment.'"[1] In the Motion, which the Clerk docketed as a Second Motion to Vacate Under 28 U.S.C. § 2255, Petitioner asserted that the judgment denying his § 2255 Motion should be set aside because the judgment was void for two reasons. First, the Speedy Trial Act was violated in his underlying criminal conviction, and second, the statute of limitations barred his prosecution on Count I of the Second Superseding Indictment (Doc. 225).

---

[1] Petitioner also filed a Motion to Reduce Sentence i/c/w Crack Cocaine Amendment (Doc. 503) on the same date. This Court granted Petitioner's Motion to Reduce Sentence on March 19, 2008 (Doc. 509). Surprisingly, Petitioner subsequently filed a Notice of Appeal (Doc. 517) of this Court's order granting his Motion to Reduce Sentence. Despite the fact that the Notice of Appeal on his Motion to Reduce Sentence is presently pending, this Court has jurisdiction to consider the instant Rule 60(b)(4) Motion because the issues raised in this Motion are collateral matters that do not affect the questions presented in the appeal of Petitioner's Motion to Reduce Sentence. See Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999).

On March 13, 2008, Magistrate Judge Faircloth issued a Report and Recommendation that addressed the merits of Petitioner's Rule 60(b)(4) Motion. In the Recommendation, Magistrate Judge Faircloth concluded that the Motion should be denied because the Speedy Trial Act was not violated, and the statute of limitations did not bar Petitioner's prosecution on Count I of the Second Superseding Indictment. Subsequently, Petitioner filed a timely Objection (Doc. 513) to the Recommendation.

## II. DISCUSSION

Under Rule 60(b)(4), a party can move a court to set aside a judgment that is "void." FED. R. CIV. P. 60(b)(4). In this context, a judgment is "void" if it was "rendered without jurisdiction of the subject matter of the parties or in a manner inconsistent with due process of law." Oakes v. Horizon Financial, S.A., 259 F.3d 1315, 1319 (11th Cir. 2001). Rule 60(b) is a civil motion that does not provide for relief from criminal judgments. United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003). In some circumstances, however, a Rule 60(b) motion can be used to seek relief from a judgment denying a § 2255 Motion. See Gonzalez v. Crosby, 545 U.S. 524, 533-36 (2005).

In this case, Petitioner cannot use Rule 60(b)(4) to attack the validity of his criminal judgment. Thus, the Rule 60(b)(4) Motion must be construed as attacking the judgment denying his § 2255 Motion on the ground that the judgment was void. But Petitioner's Rule 60(b)(4) Motion does not raise any arguments that could

3

support a finding that the judgment is void. To the contrary, Petitioner's Rule 60(b)(4) Motion attacks the validity of his underlying criminal judgment by contending that the Speedy Trial Act and the statute of limitations for Count I were violated. An appropriate vehicle for these claims is a § 2255 Motion, not a Rule 60(b)(4) Motion, and Petitioner is barred from bringing a second habeas petition because he has not complied with the procedural requirements for doing so. See 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Accordingly, there is no need to address the merits of Petitioner's Rule 60(b)(4) Motion. Petitioner's Motion is denied on the ground that Rule 60(b)(4) does not provide for relief on the grounds Petitioner has asserted in the Motion.

**III. CONCLUSION**

For the aforementioned reasons, the Magistrate Judge's Recommendation is adopted insofar as it recommends denying Petitioner's Rule 60(b)(4) Motion.

**SO ORDERED**, this the 3rd day of June, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc